## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

      **v.**                            **CASE NO. 8:25-cr-162-CEH-TGW**
**BYRON DENILSON MEREJILDO MEJILLION**
_____/

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the defendant, Byron Denilson Merejildo Mejillion, through undersigned counsel, respectfully submits this sentencing memorandum and requests that the Court impose a sentence of 24 months. Such a sentence would be sufficient, but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

## I. INTRODUCTION

### a. Mr. Merejildo's Character and Background

Mr. Merejildo was only eighteen years old at the time of this offense. He was recruited by his older brother to serve as a low-level crew member aboard a go-fast vessel transporting cocaine. He had no ownership interest, no planning role, and no decision-making authority. His criminal conduct was born out of poverty and a desire to help his family in Ecuador, particularly to afford medication for his younger sister, who has epilepsy.

### b. The Offense Conduct

This case involves three individuals, including Mr. Merejildo and his brother, Vincente Merejildo Mejillon, on a go-fast vessel that the United States Coast Guard interdicted in the Eastern Pacific Ocean, about 750 nautical miles south of Manzanillo, Mexico. During the interdiction, law enforcement observed the crew members jettisoning packages and later recovered 16 bales. The total weight was approximately 592 kilograms of cocaine.

Mr. Merejildo demonstrated acceptance of responsibility by debriefing with law enforcement. He further acknowledged his guilt through a plea agreement with the Government.

## II. GUIDELINES CALCULATION AND MOTION FOR MITIGATING ROLE

The Presentence Investigation Report calculates a total offense level of 31, criminal history category I, for a guideline range of 108-135 months. The defense objects to the omission of a mitigating role adjustment under U.S.S.G. §3B1.2 and requests application of the November 1, 2025, amendments to §2D1.1(a)(5). When properly applied, these provisions yield an adjusted offense level of 23 and a guideline range of 46-57 months. In accordance with USSG §3B1.2(b), the Court must make a fact-based determination when evaluating the application of a mitigating role. Some factors the Court should consider are:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from criminal activity.

Considering the factors the court should examine when determining if a mitigating role reduction applies to an individual, Mr. Merejildo's role in this offense was solely that of a low-level drug trafficker hired to transport drugs from point A to point B. He was unaware of the specifics of the operation, was not the captain of the vessel, and lacked any special skills that could have benefited the venture. Mr. Merejildo was simply a crew member on a drug-transporting vessel. He was unaware of the organization's scope and structure (factor i), did not participate in planning or organizing the drug smuggling (factor ii), had no decision-making authority nor influence over decisions (factor iii), and merely followed orders without discretion (factor iv). Finally, he was paid very little compared to the value of the drugs (factor v).

Effective November 1, 2025, the United States Sentencing Commission amended the guidelines to encourage courts to apply the minor role reduction more frequently. The Commission provided the following information to support the increased use of minor role in drug cases.

The Commission previously amended the Commentary to §3B1.2 to boost its use (see, e.g., USSG App. C, amend. 794 (effective Nov. 1, 2015)). However, data from the Commission shows that this change did not lead to a sustained increase in applying the mitigating role adjustment in §2D1.1 cases. It indicates that when §3B1.2 is used in such cases, most receive only a 2-level reduction; 3- and 4-level reductions are rarely employed. Additionally, the data reveals variation across districts in how §3B1.2 is applied to §2D1.1 cases. The new special instruction at §2D1.1(e) clarifies how §3B1.2 should be applied in these cases.

The amendment expands the circumstances in which an adjustment under §3B1.2 is warranted in §2D1.1 cases by instructing courts that an adjustment is generally warranted if the defendant's "primary function" in the offense was performing a low-level trafficking function. Section 2D1.1(e)(2)(A) directs the court to determine whether an adjustment under §3B1.2 applies, as the court already does under the *Guidelines Manual*. Section 2D1.1(e)(2)(B) then provides that, in addition to the circumstances identified in §3B1.2, an adjustment under §3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function. Consequently, a defendant sentenced under §2D1.1 can qualify for a mitigating role adjustment under §3B1.2 either through the direct application of that adjustment or via the special instruction in §2D1.1(e)(2)(B).

Mr. Merejildo respectfully asserts that his actions and limited role in this case are precisely what the Commission refers to when applying the current minor role adjustment. As such, he again requests that the court grant him a minor role reduction. In accordance with USSG §2D1.1(a)(5)(iii), his base offense level would then be a level 32. He would receive an additional two-level reduction under USSG §3B1.2. Then, after applying a two-level downward adjustment for the safety valve and another two-point reduction for being a zero-point offender, along with a three-level reduction for acceptance of responsibility, Mr. Merejildo maintains that his total offense level would be 23, with a criminal history category of I, resulting in an advisory guideline range of 46 to 57 months.

## III. MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

This Honorable Court is well aware that a United States District Court is no longer bound by the guidelines since the matrix is considered advisory. United States v. Booker, 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). Using the guidelines in a role other than advisory violates the defendant's Sixth Amendment rights. Booker at 244-245. Moreover, there is no legal presumption that the Guidelines sentence should apply. Rita v. United States, 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

A district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range

calculated by the guidelines. A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

As further explained below, Mr. Merejildo respectfully suggests that an individualized consideration of the 18 U.S.C. § 3553(a) factors supports the imposition of a sentence below guidelines.

### a. Nature and circumstances of the offense and the history and characteristics of Mr. Merejildo.

While acknowledging the seriousness of this offense, it is essential to understand the circumstances that led Mr. Merejildo, like so many others, to this situation. Living in impoverished Salinas, Ecuador, he was driven by a desperate need to support his family. Sadly, his decision to join a drug-smuggling operation, motivated by this desperation, along with his older brother's involvement, has resulted in a tragic loss for his family—the absence of a son and brother.

Raised by his parents, Mr. Merejildo grew up in a loving yet impoverished environment with his five siblings. All siblings still live under the same roof, now with their own families. The house, constructed of blocks with a roof full of holes, has four bedrooms and one bathroom. Electricity and water are not always available, as both are often shut off.

At age twelve, Mr. Merejildo worked in the fishing industry, packing fish, and attended school. Eventually, he could no longer afford to attend school, which he greatly enjoyed, and worked full-time to help support his family. Despite all their combined incomes, the family struggled to meet their basic needs and the critical need to pay for medicine for Mr. Merejildo's sister, Kimberly, who has epilepsy. Kimberly has nearly died twice from seizures without her medication. Simply put, Mr. Merejildo had to work to survive. His family's letter describes a life of hardship, love, and desperation – explaining that his decision to join the vessel was motivated by the urgent need to help his ill sister and parents. (See Exhibit A).

Below are Mr. Merejildo's brother, parents, sisters, niece, and nephew.



Below is the house Mr. Merejildo shares with his family.



This Honorable Court should take Mr. Merejildo's youth into significant consideration. At just eighteen years old at the time of the offense, Mr. Merejildo was still in late adolescence. The Commission has relied on research showing that brain development continues into the mid-20s, with key areas responsible for decision-making, impulse control, and risk assessment being among the last to mature. This scientific understanding highlights that Mr. Merejildo's actions, although illegal, were partly due to immaturity and influence. His recruitment by a 38-year-old brother further underscores his vulnerability. The Court should consider Mr. Merejildo's youth when determining a sentence that is sufficient but not greater than necessary.

Since his arrest, Mr. Merejildo has made the most of his time. At the Hernando County Detention Center, he has completed several rehabilitative courses on 12-step Recovery, Adapting to Change, Drug and Alcohol Awareness, Faith Development, and Personal Growth. These efforts demonstrate genuine remorse and a proactive commitment to self-improvement.

   **b. The need for the sentence imposed the need for the sentence imposed:**

   **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

   **(B) to afford adequate deterrence to criminal conduct;**

   **(C) to protect the public from further crimes of the defendant; and**

   **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

Unquestionably, Mr. Merejildo recognizes the seriousness of this offense and understands that this Court should and will punish him accordingly. However, there are factors in this case that sufficiently mitigate and support a sentence below the guidelines. A multi-year sentence for a non-violent, first-time, youthful offender will clearly reflect the severity of the offense, promote respect for the law, and serve as just punishment. Extended incarceration is unnecessary to deter future conduct or protect the public. Mr. Merejildo has already faced significant consequences, including separation from his family and

accountability for his actions. He will be deported after serving his sentence, further ensuring public safety.

## IV. CONCLUSION

After consideration of the foregoing, Mr. Merejildo respectfully requests that this Honorable Court impose a sentence of 24 months.

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
FBN: 0494615
Goldman Wetzel, PLLC
915 1st Ave. North
St. Petersburg, FL 33705
Telephone: (727) 828-3900
Facsimile: (727)828-3901
Summer@goldmanwetzel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November 2025, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

E. Jackson Boggs, AUSA

*/s/ Summer Rae Goldman*_____
Summer Rae Goldman